UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| ENRON CREDITORS RECOVERY CORP., | : | Case No. 01-16034 (AJG) |
| | : | Confirmed Case |
| Debtors. | : | |

---

| | | |
|---|---|---|
| THE OFFICIAL COMMITTEE OF | : | |
| UNSECURED CREDITORS OF ENRON | : | |
| CORP., *et al.*, on behalf of ENRON CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 03-93617A |
| | : | |
| AMANDA K. MARTIN, | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| AMANDA K. MARTIN, | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ENRON CORP., AZURIX CORP., | : | |
| AZURIX NORTH AMERICA CORP., AND | : | |
| AWS CORP. a/k/a AWS (Water/Wastewater) | : | |
| CORP. f/k/a AZURIX NORTH AMERICA | : | |
| CORPORATION, | : | |
| | : | |
| Third-Party Defendants. | : | |

---

ORDER DENYING MOTIONS FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP AND BY AMANDA K. MARTIN SEEKING RECONSIDERATION OF OPINION CONCERNING (I) MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SUMMARY JUDGMENT ON ITS CLAIM TO AVOID AND RECOVER TRANSFER TO DEFENDANT AMANDA K. MARTIN AND ON DEFENDANT'S COUNTERCLAIMS/THIRD-PARTY CLAIMS FOR BREACH OF CONTRACT AND FRAUD; (II) AMANDA K. MARTIN'S MOTION FOR SUMMARY

JUDGMENT AS TO PLAINTIFF/COUNTER-DEFENDANT AZURIX CORP.; AND (III) MOTION FOR SUMMARY JUDGMENT OF COUNTER-DEFENDANT AWS CORP., A/K/A AWS (WATER/WASTEWATER) CORP., F/K/A AZURIX NORTH AMERICA CORP.

On October 17, 2007, the Court issued the Opinion Concerning (I) Motion Of Official Committee of Unsecured Creditors for Summary Judgment on its Claim to Avoid and Recover Transfer to Defendant Amanda K. Martin and on Defendant's CounterClaims/Third-Party Claims for Breach of Contract and Fraud; (II) Amanda K. Martin's Motion for Summary Judgment as to Plaintiff/Counter-Defendants Azurix Corp.; and (III) Motion for Summary Judgment of Counter-Defendant AWS Corp., a/k/a AWS (Water/Wastewater) Corp., f/k/a Azurix North America Corp. (the "Opinion").

On November 13, 2007, the Court issued an order (the "Order") implementing the Opinion.

Amanda K. Martin ("Martin") filed a Motion, dated October 27, 2007 ("Martin's Motion) for Reconsideration of the Opinion.

The Official Committee (the "Committee") of Unsecured Creditors of Enron Corp. ("Enron") filed a Motion, dated October 29, 2007 (the "Committee's Motion) for Reconsideration, Or Alternatively, its Supplemental Memorandum In Support of Azurix Corp.'s Motion For Summary Judgment

On November 13, 2007, the Committee filed a response to Martin's Motion and Martin filed a response to the Committee's Motion.

In the respective motions, the parties assert that the Court overlooked controlling decisions or factual matters that might have influenced its decision.

A motion to alter or amend a judgment pursuant to F. R. Civ. P. 59(e) may be based upon

(1) an intervening change in the controlling law, (2) the availability of new evidence, (3) to correct manifest errors of law or fact upon which the judgment is based, or (4) to prevent manifest injustice. *Cray v. Nationwide Mut. Ins.* Co., 192 F. Supp.2d 37, 39 (W.D.N.Y. 2001); *Atlantic States Legal Foundation, Inc. v. Karg Bros. Inc.*, 841 F. Supp. 51, 53 (S.D.N.Y. 1993). The rule is properly invoked when the ruling court overlooked matters or controlling decisions which, had it considered such matters, might reasonably have impacted its decision. *Houbigant, Inc. V. ACB Mercantile, Inc. (In re Houbigant)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1996). Fed. R. Civ. P. 59(e) is not, however, to be used to attempt to re-litigate factual matters that have already been decided or to present new legal theories based upon evidence that was available to be used during the first trial. *Wallace v. Brown*, 485 F.Supp. 77, 78 (S.D.N.Y. 1979). The motion can only be granted if the movant presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact. *Cray v. Nationwide Mut. Ins.* Co., 192 F. Supp.2d 37, 39 (W.D.N.Y. 2001). In the latter case, a motion to amend a judgment pursuant to Fed. R. Civ. P. 59(e) is properly granted when the movant shows that it was based on manifest errors of law or fact. *Bowers v. Andrew Weir Shipping, Ltd.*, 817 F.Supp. 4, 5 (S.D.N.Y. 1993). However, "the moving party has a heavy burden to establish factual error sufficiently serious to merit an amendment." *Wallace v. Brown*, 485 F.Supp. 77, 79 (S.D.N.Y. 1979). Whether to grant or deny a motion to alter or amend a judgment is within the court's discretion. *Atlantic States Legal Foundation, Inc. v. Karg Bros. Inc.*, 841 F. Supp. 51, 55 (S.D.N.Y. 1993).

The parties have not brought any new factual matters or legal points to the Court's attention. Rather, every factual matter or controlling point of law referenced in Martin's Motion

and the Committee's Motion was already considered by the Court.

With respect to Martin's Motion, in the Opinion, the Court concluded that the accounting records met the criteria to qualify as business records and that a foundation for their admissibility had been met. The Court reasoned that if the underlying basis of the information qualifies as a business record, then the information that an entity's Rule 30(b)(6) deponent derives from that source is properly admissible. The Court further noted that the sufficiency of foundation evidence is "assessed in light of the nature of the documents at issue; documents that are standard records of the type regularly maintained by firms in a particular industry may require less by way of foundation testimony than less conventional documents proffered for admission as business records." *Conoco*, 99 F.3d 387, 392 (Fed. Cir. 1992). Further, "the 'custodian or other qualified witness' who must authenticate business records need not be the person who prepared or maintained the records, or even an employee of the record-keeping entity, as long as the witness understands the system used to prepare the records." *Conoco*, 99 F.3d at 391. The Court then concluded that as the Chief Administrative Officer and Managing Director of Enron, its Fed. R. Civ. P. 30(b)(6) witness, was situated in a position that afforded him familiarity with the process by which the relevant records were created and maintained and that he testified based upon his knowledge as to the electronic preparation and maintenance of the records by the accounting department. Additionally, the Court concluded that further foundation for admission of the business records was the Fed. R. Evid. 902(11) certification of Senior Counsel for Enron Creditors Recovery Corp., successor to Enron Corp. The Court concluded that her authentication of the business records was sufficient in that her assertions showed that she had familiarity with and understood the record-keeping system. Moreover, the declaration was filed

with sufficient time to provided Martin with notice of Enron's intent to rely on the declaration and afford her an opportunity to challenge its substance - which she has never done.

The Court has broad discretion concerning the admissibility of the business records and based upon the evidence elicited during discovery, the Court exercised its discretion and concluded that the evidence relied upon by the Chief Administrative Officer was trustworthy and, therefore, the evidence presented was deemed admissible pursuant to Fed. R. Evid. 803(6). The Court further concluded that the absence of an inter-company payment in those records from Azurix to Enron established, pursuant to Fed. R. Evid. 803(7), that Azurix did not reimburse Enron for the Separation Payment.

Martin directs the Court's attention to that portion of the deposition testimony of the Chairman and CEO of Azurix where he discussed a cost-sharing arrangement between Enron and Azurix. Pursuant to that arrangement, Enron issued paychecks to certain employees but, to the extent that an employee worked for Azurix, Enron would be reimbursed for the payment by Azurix. The CEO initially stated that Martin was one such employee.[1] However, even if true, that testimony merely addressed a cost-sharing arrangement and possible obligation on the part of Azurix to Enron. It did not address the critical issue here as to whether or not that reimbursement actually occurred. If it did not occur, then the fact that Azurix was indebted to Enron would not alter the fact that the Separation Payment was made from Enron's property to Martin and that she received a preferential payment that she is required to return to Enron. In the face of the business records which reflect that there was no payment by Azurix to Enron for

---

[1] The Azurix executive later modified this testimony to assert that he had not seen the actual records and did not know whether any salary payments made to Martin had actually been reimbursed to Enron.

5

reimbursement of the Separation Payment, there is no evidence to refute the absence of reimbursement. Martin had ample opportunity to conduct discovery to adduce evidence of any such reimbursement, however, no evidence of reimbursement has been presented to the Court, No new facts or controlling law has been presented to the Court by Martin that would impact its decision.

With respect to the Committee's request for reconsideration, it argues that the Court was not cognizant of the fact that the existence of apparent authority depends upon the conduct of the principal. However, that is precisely what the Court considered in determining that there was a factual issue. The Court did not base this part of the Opinion on the conduct of Enron's CEO or its Vice-President. Rather, the Court was aware of Martin's testimony to the effect that she was instructed by the President and CEO of Azurix to negotiate her severance agreement with the Enron CEO. If true, it was the affirmative action of the Azurix executive that prompted her to engage in negotiations with the Enron executives and would be some evidence that an Azurix executive cloaked Enron with apparent authority to act on behalf of Azurix. The Court's determination that there was a factual dispute was premised upon the alleged conduct of the Azurix Chairman and CEO.

Moreover, although Enron Corp. was the only signatory to the Separation Agreement, the court in *Hinkle v. Refractory Metals, Inc.*, (No. B14-89-00281-CV), 1990 WL 24882 at *3 (Tex. App. - Houston [14th Dist.] 1990) found a material issue of fact concerning whether a subsidiary was bound by an agreement where the principal of the parent entity had signed the agreement only in his capacity as an executive of the parent. Thus, while the *Refractory Metals* case is not necessarily determinative of the issue, it does leave open the possibility that the label on the

signature line may not be dispositive. The parties would have to further address this issue at some later time; however, any attempt to again move for summary judgment would require a pre-motion conference.

The Committee also argues that the release provided for in the Separation Agreement precludes a breach of contract claim. However, the Separation Agreement also required payment of a secondary $500,000 installment, which payment was never made. Therefore, the breach of contract claim remains viable. Further, if Azurix is liable under the Separation Agreement, it was jointly liable with Enron to Martin. As such, both parties may be liable to Martin until full performance is rendered.

Finally, the Committee questions the Court's conclusion concerning the relevance of the issue of whether Martin was an employee of Enron or Azurix. The Committee argues that her employment status would only become relevant if the Separation Agreement were void and the Employment Agreement were reinstated.

The Court agrees that the Separation Agreement superseded the Employment Agreement and, further, agrees that Separation Agreement is not rescinded by the requirement that Martin return the preferential payment. However, the issue of her employment status remains relevant insofar as it sheds light on whether or not Azurix cloaked Enron with apparent authority to negotiate to bind it to the terms of the Separation Agreement.

There are no facts or relevant law presented that would cause the Court to modify the Opinion. Nor has the supplemental briefing altered the Court's determination to deny Azurix's motion for summary judgment at this stage. Based upon the foregoing, it is hereby

Ordered, that Martin's Motion is denied in its entirety; and it is further

      Ordered, that the Committee's Motion is denied in its entirety.


Dated: New York, New York
       November 20, 2007

                                              **s/Arthur J. Gonzalez**
                                              UNITED STATES BANKRUPTCY JUDGE